LEE, P.J.,
concurring in part and dissenting in part:
¶ 87. Because I find that the chancellor did not err in finding the vacation home was Rocky’s separate property, I respectfully dissent to issue I. I also agree with the dissent that the exclusion of Stacey’s proposed expert was error; however, I find that any error was harmless.
¶ 88. In regard to Issue I, the chancellor, in a well-reasoned and thorough opinion, determined that the vacation home was not converted to marital property under the family-use doctrine. The chancellor found that although some payments on the house were made from a joint account to which Stacey did deposit money, the majority of the monetary contributions for purchase and maintenance were made by Rocky. The chancellor noted that Stacey did help decorate the house and contributed sporadic housekeeping efforts when needed. The chancellor further noted that the parties used the home for their family vacations and rented it out the remainder of the year. The chancellor determined that any significant amount of time Stacey lived at the vacation home was due to extraordinary circumstances, such as Hurricane Katrina, or by order of the chancellor. From the evidence presented, I cannot find that the chancellor erred in categorizing the vacation home as Rocky’s separate property.
¶ 89. In regard to issue IV, the exclusion of Stacey’s proposed expert, I agree with the dissent that the chancellor erred in excluding the expert’s testimony. However, I find this error to be harmless. To find this error reversible, there must be a showing that the chancellor abused his discretion and that “the admission or exclusion of evidence ... result[s] in prejudice and harm or adversely affects a substantial right of a party.” K-Mart Corp. v. Hardy ex rel. Hardy, 735 So.2d 975, 983 (¶ 21) (Miss.1999). In his judgment, the chancellor noted that there was debate between Rocky and Stacey as to whether the court was provided with enough evidence to value the business or if expert testimony was necessary. The chancellor found that there was “substantial evidence in the record to establish the value of RCD for the purposes of equitable distribution. In determining value, the Court relies on information contained in a prior valuation report, as well as lay testimony and other documentation provided.” From the evidence before the chancellor, I cannot find that the exclusion of Stacey’s expert resulted in prejudice or adversely affected her substantial rights.
¶ 90. Finding no error in regard to issue I and harmless error in regard to issue IV, I would affirm the chancellor’s decision in its entirety.
ISHEE, J., JOINS THIS OPINION.